[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These two zoning appeals involve separate proceeding, with separate records, before the defendant Darien Planning and Zoning Commission. The appeals concern both lots of a two lot subdivision. The appeal bearing the docket number CV95-0147513 concerns the "south" lot, and the appeal bearing the docket number CV97-0157290 concerns the "north" lot. CT Page 1685
The two lot subdivision was created in 1983 by the approval of a re-subdivision application filed by Mr. Hans Mende. The parcel owned by Mr. Mende contained 2.81 acres. The 1983 approval resulted in a north lot of 1.370 acres and a south lot of 1.444 acres. The property is located in the R-1 Zone, one acre residential.
Mr. Mende sold the property to Mrs. Joanne Hart. She in turn contracted to sell the south lot to the zoning Applicants, John W. Wilson and Diane Westwood Wilson. The south lot application was the subject of a public hearing before the Planning and zoning Commission on April 18, 1995 and May 23, 1995. The 1995 application involved amendments to the 1983 approval. The 1995 application sought to modify the site plan that was approved in 1983. In 1995, the applicant proposed a four bedroom rather than the three bedroom dwelling approved in 1983. There was testimony that the 1983 approved dwelling contained three bedrooms and a den. The changes to the septic system were dictated by a 1994 change to the state health code. The building location, driveway and septic areas are essentially in the same location as set out in the 1983 approval. At its July 25, 1995 meeting, the Planning and Zoning Commission approved the application by a vote of three to two, with stipulations.
The north lot applicant is Hart Investment Properties, Inc. and the property owner is Joanne W. Hart.
The north lot application was the subject of a public hearing before the Planning and Zoning Commission on October 22, 1996.
The north lot contains a cemetery, and the majority of testimony at the public hearing was directed to the location of the proposed dwelling in relationship to the cemetery. Again, the applicant sought amendments to the 1983 approval. The architect testified, with an overlay, to demonstrate that the current plan is "very much in keeping with the location of the original plan." The applicant changed the orientation of the proposed dwelling away from the cemetery. The applicant's attorney testified that the septic system is in the same location as in the 1993 approval. At its January 7, 1997 meeting the Planning and Zoning Commission approved the application, with stipulations. The vote of the Commission was not set forth in the Resolution.
On May 19, 1995 the attorney for the south lot plaintiffs CT Page 1686 submitted a letter to the Planning and Zoning Commission. The letter, in part, states the following:
"I have detailed herein certain factors to which I would like to draw the commission's attention. My argument contains three main points relating to the proposed development. The points are as follows:
I. That the proposed development far exceeds the standards set out in the Subdivision and Coastal Site Plan Approval granted in 1983 and, as a result, the application should be denied. If the Commission determines that the application can proceed, it should require a Coastal Site Plan Review, and an updated Coastal Area Management Report.
II. the proposed development violates the existing covenants of the recorded Conservation Easement because the Easement specifically limits development of the property to the details shown on the plans approved in 1983.
III. That the revised proposal places the septic galleries dangerously close to the well located on Mrs. Tweedy's property and the 1983 approval proves that a feasible alternative for locating the septic system exists."
At the Public Hearing on October 22, 1996 the same attorney representing, the north lot plaintiffs stated the following:
"Mr. Chairman, I would like to address two points regarding this application dealing with procedural aspects of the application. The first is that I do not believe the applicant is eligible for a I Coastal Area Management exception under the local regulations. Second, that if the Commission finds that the applicant is eligible, the applicant is obligated to file simultaneous permits with the Environmental Protection Commission of the town. As far as I know, no such permit has been filed. Therefore, if, in fact, an exception is found, I think the application is incomplete."
After an extensive review of the transcripts of the public hearings, court proceeding, exhibits and briefs, the court upholds the Commissions' decisions in both cases.
Raymond Nurme, Darien Planning and Zoning Director, testified before this court on July 8, 1998. He stated that in his opinion CT Page 1687 the two applications, which are the subject matter of this appeal, are not a subdivision or a resubdivision as defined in Conn. General Statutes § 8-18. The two applications did not involve changes in any property lines, nor the creation of any additional lots.
This court finds that the two application for the north and south lots were not subdivisions or resubdivisions. As such, the applications were not coastal site plans as defined by Conn. General Statutes § 22a-105
Mr. Nurme testified, and this court concurs, that construction of an individual conforming single family residential structure is exempt from coastal site plan review. Conn. General Statutes § 22a-109b(4); Darien Zoning Regulations 813.1c.
Section § 813-2 of the Darien Zoning Regulations empowers the Planning and Zoning Direct to review requests for any exempted activities, set forth in Section 813.1. Mr. Nurme testified that he reviewed both applications and determined that there was no potential adverse impact and the structures were more than one hundred feet from the Goodwives River. The two applications are exempt; therefore, no Coastal Area Management notice was required. Mr. Nurme further testified that the 1983 two lot subdivision was the subject of Coastal Area Management review and approval. As part of the approval process in 1983, the applicant complied with a condition and established a fifty foot natural buffer along the property frontage of the Goodwives River. The conservation easement was filed within one year of the 1983 approval.
The plaintiffs claim that the 1983 permit expired one year from the approval date. The court disagrees. The Conservation Easement was filed within a year. Subdivision approval merely says that the lot is suitable for development. It does not require construction of a residence on an improved private lot.Ross v. Conservation Commission of the Town of Westport,1993 WL 481193 (Fuller, J).
The plaintiffs claim that the fifty foot conservation easement limits the future use of the property to the precise structure footprint and other development details as set forth in the 1983 resubdivision approval. This court has reviewed the conservation easement and does not agree with plaintiff's CT Page 1688 position that the 1983 resubdivision approval is cast in stone. To follow that logic calls for a very strained interpretation of the document. For example, the septic engineers representing the plaintiffs, were not challenged, when they testified at the Public Hearings, that the 1983 approved septic system could not comply with the current State of Connecticut Health Codes. The proposed septic systems comply with local and state requirements per the testimony given at the Public Hearings.
The court finds that the Planning and Zoning commission has proceeded in the hearing and approval of these two applications in compliance with state statutes and the provisions of the Darien Regulations.
The Planning and Zoning Commission decisions are confirmed in each of the two cases and the two appeals are dismissed.
______________________ TOBIN, J